UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS KLAPATCH and RICHARD LEE, Individually and for Others Similarly Situated, <br><br> v. <br><br> BHI ENERGY I POWER SERVICES, LLC | Case No. <br><br> Jury Trial Demanded <br><br> FLSA Class & Collective Action |

# ORIGINAL COMPLAINT

### SUMMARY

1. BHI Energy I Power Services, LLC (BHI) failed to pay Dennis Klapatch (Klapatch) and Richard Lee (Lee) (Collectively "Plaintiffs"), and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act, Conn. Gen. Stat. Sections 31-58, et seq. (CMWA).

2. Instead, BHI paid Plaintiffs, and other workers like them, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Plaintiffs bring this class collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

8. BHI's headquarters is located in this District and Division.

## THE PARTIES

9. Plaintiffs were hourly employees of BHI.

10. Klapatch worked for BHI for several months, ending about April of 2017.

11. Lee worked for BHI from January 2017 until September 2017.

12. Their written consents are attached as Exhibit A and Exhibit B.

13. BHI is headquartered in Weymouth, Massachusetts.

14. **BHI Energy I Power Services, LLC** may be served with process by serving its registered agent Incorp Services, Inc., 44 School Street, Suite 325, Boston, Massachusetts 02108.

## COVERAGE UNDER THE FLSA

15. At all relevant times, BHI was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all relevant times, BHI was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all relevant times, BHI was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

18. At all relevant times, BHI had an annual gross volume of sales made in excess of $1,000,000.

19. At all relevant times, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

**THE FACTS**

20. BHI provides specialty services and staffing solutions to the power generation, energy, and government markets. http://www.bhienergy.com/about-us/overview/ (last visited June 4, 2018).

21. BHI's workforce includes more than 8,500 experienced project management and technical, professional, and craft labor operating at over 130 global project locations. *Id.*

22. Plaintiffs were hourly employees of BHI.

23. BHI hired Klapatch around February of 2015 and Lee around January 2017.

24. Klapatch performed work for BHI in power plants located in Minnesota and Connecticut.

25. Lee performed work for BHI in power plants located in Texas.

26. Klapatch was a Training & Development Coordinator for BHI.

27. Lee was an Electrical Supervisor for BHI.

28. BHI paid Lee $75 per approved hour worked.

29. Klapatch left BHI's employment in April 2017 and Lee left BHI's employment in September 2017.

30. Plaintiffs reported the hours they worked to BHI on a regular basis.

31. If Plaintiffs worked fewer than 40 hours in a week, they would be paid only for the hours worked.

32. Plaintiffs regularly worked over 40 hours in a week.

33. The hours Plaintiffs and the Putative Class Members worked are reflected in BHI's records.

34. BHI paid Plaintiffs at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

35. Rather than receiving time and half as required by the FLSA, Plaintiffs only received "straight time" pay for overtime hours worked.

36. BHI's "straight time for overtime" payment scheme violates the FLSA.

37. BHI was aware of the overtime requirements of the FLSA.

38. BHI nonetheless failed to pay certain employees, such as Plaintiffs, overtime.

39. BHI's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

40. BHI's illegal "straight time for overtime" policy extends beyond Plaintiffs.

41. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

42. BHI paid hundreds of workers using the same unlawful scheme.

43. Any differences in job duties do not detract from the fact that these workers were entitled to overtime pay.

44. The workers impacted by BHI's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

45. Therefore, the class is properly defined as:

**All employees of BHI who were, at any point in the past 3 years, paid "straight time for overtime." ("FLSA Class")**

## CMWA VIOLATIONS

46. Klapatch brings this claim under the CMWA as a Rule 23 class action.

47. The conduct alleged violates the CMWA (Conn. Gen. Stat. Sections 31-58, et seq.).

48. At all relevant times, BHI was subject to the requirements of the CMWA.

49. At all relevant times, BHI employed Klapatch and each Class Member with Connecticut state law claims as an "employee" within the meaning of the CMWA.

50. The CMWA requires employers like BHI to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Klapatch and each member of the Connecticut Class are entitled to overtime pay under the CMWA.

51. BHI had a policy and practice paying Klapatch and each member of the Connecticut Class straight time for overtime and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

52. Klapatch and each member of the Connecticut Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

53. Klapatch and each member of the Connecticut Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by BHI, as provided by the CMWA.

### CLASS AND COLLECTIVE CAUSES OF ACTION

54. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices BHI imposed on Plaintiffs were likewise imposed on the members of the Classes.

55. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the state wage laws of Connecticut.

56. Numerous other individuals who worked with Plaintiffs indicated they were paid in the same manner and were not properly compensated for all hours worked as required by state and federal wage laws.

57. Based on their experiences and tenure with BHI, Plaintiffs are aware that BHI's illegal practices were imposed on the members of the Classes.

58. The members of the Classes were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

59. BHI's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the members of the Classes.

60. Plaintiffs' experiences are therefore typical of the experiences of the members of the Classes.

61. The specific job titles or precise job locations of the various members of the Classes do not prevent class or collective treatment.

62. Plaintiffs have no interests contrary to, or in conflict with, the members of the Classes. Like each member of the Classes, Plaintiffs have an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

63. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

64. Absent this action, many members of the Classes likely will not obtain redress of their injuries and BHI will reap the unjust benefits of violating the FLSA and applicable state labor laws.

65. Furthermore, even if some of the members of the Classes could afford individual litigation against BHI, it would be unduly burdensome to the judicial system.

66. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

67. The questions of law and fact common to each of the members of the Classes predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether BHI employed the members of the Classes within the meaning of the applicable state and federal statutes, including the FLSA and the CMWA;

   b. Whether BHI's pay practice meets the salary basis test;

   c. Whether BHI's decision to pay the members of the Classes straight time for overtime was made in good faith;

   d. Whether BHI's decision to not pay time and a half for overtime to the members of the Classes was made in good faith;

   e. Whether BHI's violation of the FLSA and the CMWA was willful; and

   f. Whether BHI's illegal pay practices were applied uniformly across the nation to all members of the Classes.

68. Plaintiffs' claims are typical of the claims of the members of the Classes. Plaintiffs and the members of the Classes sustained damages arising out of BHI's illegal and uniform employment policy.

69. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

## JURY DEMAND

71. Plaintiffs demand a trial by jury.

**PRAYER**

72. Plaintiffs pray for relief as follows:

   a. An Order designating the Potential Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order pursuant to Section 16(b) of the FLSA finding BHI liable for unpaid back wages due to Plaintiffs and the Potential Putative FLSA Class for liquidated damages equal in amount to their unpaid compensation;

   c. For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

   d. For an Order appointing Plaintiffs and their counsel as Class Counsel to represent the interests of the both the federal and state law classes;

   e. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

   f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Phillip J Gordon
**Phillip J. Gordon**
Mass. BBO# 630989
**Kristen M. Hurley**
Mass. BBO# 658237
**GORDON LAW GROUP, LLP**
585 Boylston St.
Boston, MA 02116

8

617-536-1800 – Telephone
617-536-1802 – Facsimile
pgordon@gordonllp.com
khurley@gordonllp.com

AND

**Michael A. Josephson**
State Bar No. 24014780
(pending *pro hac vice*)
**Richard M. Schreiber**
State Bar No. 24056278
(pending *pro hac vice*)
**Andrew W. Dunlap**
State Bar No. 24078444
(pending *pro hac vice*)
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
rschreiber@mybackwages.com
adunlap@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
(pending *pro hac vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**