UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-11581-RGS

DENNIS KLAPATCH and RICHARD LEE,
individually and for others similarly situated

v.

BHI ENERGY I POWER SERVICES, LLC

MEMORANDUM AND ORDER ON PLAINTIFFS'
MOTION FOR CONDITIONAL CERTIFICATION

February 22, 2019

STEARNS, D.J.

Dennis Klapatch and Richard Lee are plaintiffs in this putative class action directed against BHI Energy I Power Services, LLC (BHI). They allege that BHI misclassified them as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA), and then failed to pay them overtime as required under the FLSA and CMWA. Plaintiffs now move for conditional class certification.[1] For the reasons to be explained, plaintiffs' motion for conditional certification will be allowed.

---

[1] Michael Smith, Richard Johnson, and Mark Field (collectively, "opt-ins") have consented to join this action.

## BACKGROUND

BHI provides temporary staffing to nuclear power plants across the country.[2] BHI employs salaried (exempt) and hourly (non-exempt) workers through whom it provides clients with engineering, construction, electrical, management, and supervisory services. Clients, in turn, pay BHI based on the total number of employee hours worked.

BHI hired Klapatch in February of 2015 and Lee in January of 2017 to work in various power plant positions. Klapatch worked in Minnesota and Connecticut, while Lee worked in Texas. They allege that as hourly employees, they were improperly paid a standard hourly rate, including for hours worked in excess of forty hours per week. On July 26, 2018, they initiated this lawsuit, claiming that BHI had failed to pay them and other employees the required overtime. On December 28, 2018, they moved for conditional certification pursuant to the FLSA, which BHI opposed on January 25, 2019.

## DISCUSSION

The FLSA permits plaintiffs to maintain an enforcement action against their employer on behalf of themselves and "other employees similarly

---

[2] SUN Technical Services, Inc. (SUN), is an affiliate of BHI that has also employed plaintiffs and the three opt-ins. Opp'n (Dkt # 30) at 3 n.2.

situated." 29 U.S.C. § 216(b). The FLSA, however, also provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Although a collective action under § 216(b) is intended to provide the same efficiencies as a class action under Fed. R. Civ. P. 23, there are several important differences.

> A significant distinction . . . is that potential plaintiffs in an FLSA collective action must "opt in" to be included, while persons fitting the definition of a Rule 23 class must "opt out" to be excluded. The FLSA also does not incorporate Rule 23's numerosity, commonality, typicality, and adequacy criteria for class certification. It requires only that collective action plaintiffs be "similarly situated." 29 U.S.C. § 216(b). Thus, the FLSA allows plaintiffs to proceed collectively based on a lesser showing than that required by Rule 23.

*Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 359 (D. Me. 2010).

District courts in the First Circuit have generally adopted a "two-tiered" approach to certification of collective actions under the FLSA. *See, e.g., Roberts v. TJX Companies, Inc.*, 2017 WL 1217114, at *2 (D. Mass. 2017). "Using this approach, a court, first, makes a preliminary determination of whether the potential plaintiffs are 'similarly situated' (tier one) and then makes a final 'similarly situated' determination after discovery (tier two)." *Id.* at *3. At the first stage, plaintiffs have "the burden of showing a reasonable basis for [their] claim that there are other similarly situated

3

employees. In other words, the plaintiff[s] must make a modest factual showing that [they] and other employees, with similar but not necessarily identical jobs, suffered from a common unlawful policy or plan." *Prescott*, 729 F. Supp. 2d at 364 (citations omitted). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class." *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (citation omitted). At the second stage, however, "trial courts examine more closely the question of whether particular members of the class are, in fact, similarly situated." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 547 (6th Cir. 2006). As the second stage normally follows the completion of discovery, "the court has much more information on which to base its decision and, as a result, [it] employs a stricter standard." *Id.* (alteration in original and citation omitted).

Plaintiffs seek conditional certification of a collective action consisting of "[a]ll employees of BHI who were, at any point in the past 3 years, paid 'straight time for overtime' and staffed to a power plant." Mot. (Dkt # 22) at 1.[3] They argue that the class members are "similarly situated" as hourly

---

[3] BHI indicated that this proposed class would consist of roughly 15% of its and SUN's power plant workers. Opp'n (Dkt # 30), Ex. 2 ¶ 8.

4

power plant employees who were subject to BHI's policy of paying the same hourly rate regardless of the number of hours worked.[4] *See, e.g., Wellman v. Grand Isle Shipyard, Inc.*, 2014 WL 5810529, at *4 (E.D. La. 2014) ("The alleged 'straight time for overtime' policy constitutes a 'factual nexus which binds the named plaintiffs and the potential class members together.'") (citation omitted). Plaintiffs also argue that although the various class members hold differing work titles, they perform essentially the same job.[5] *See Trezvant v. Fid. Employer Servs. Corp.*, 434 F. Supp. 2d 40, 48 (D. Mass. 2006) ("Different job titles or positions do not preclude a finding that plaintiffs are 'similarly situated.'").

In response, BHI first argues that the class members are exempt because, contrary to plaintiffs' declarations, they were salaried employees. BHI maintains that as such they fall into the exempt category and are lawfully paid a weekly salary plus an hourly bonus for exceeding certain weekly or biweekly hours' thresholds. *See Guardia v. Clinical & Support*

---

[4] The declarations of Klapatch, Smith, and Johnson specifically state that they were "not paid on a salary basis." Mot. (Dkt # 22), Exs. A-C ¶ 11.

[5] For instance, Klapatch stated in his declaration that although his "job title often changed from job to job" – including positions as an "electrical supervisor, construction representative, electrical maintenance supervisor, electrical maintenance field supervisor, temp supervisor, and transmission and distribution supervisor" – he was paid the same hourly rate regardless of the job title or assigned power plant. Mot. (Dkt # 22), Ex. A ¶¶ 3-4.

5

*Options, Inc.*, 25 F. Supp. 3d 152, 159 (D. Mass. 2014) (noting that 29 C.F.R. § 541.604(a) "explicitly approves Plaintiff's 'salaried plus' situation").[6] Second, BHI argues that the class members are not "similarly situated" because their work assignments and job functions differ, as does their respective payment.[7] For example, Lee has worked as an exempt electrical superintendent and mechanical supervisor and also as a non-exempt general superintendent. Third, BHI argues that plaintiffs' three declarations fail to "establish that BHI maintains uniform pay policies with respect to employees at approximately 60 power plants across 29 states." Opp'n (Dkt # 30) at 19. Finally, BHI argues that "[c]onditional certification is improper because a highly-individualized analysis regarding each employee's job duties is required to identify Putative Class Members." *Id.* at 20; *see Morisky v. Pub. Serv. Elec. & Gas Co.*, 111 F. Supp. 2d 493, 499 (D. N.J. 2000) (denying conditional certification because, among other things, "[t]he exempt or non-exempt status of potentially hundreds of employees would need to be

---

[6] 29 C.F.R. § 541.604(a) specifically provides that "[a]n employer may provide an exempt employee with additional compensation without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount on a salary basis."

[7] According to BHI, non-exempt employees were paid hourly and received overtime pay for hours worked beyond forty hours per week, while exempt employees were paid a salary along with hourly bonuses.

determined on a job-by-job, or more likely, an employee-by-employee basis").

But ultimately, whatever the merits of BHI's arguments – the court at this time has no factual basis on which to judge – whether BHI is illegally paying "straight time for overtime," as plaintiffs allege, or lawfully paying a salary plus an hourly bonus, as BHI contends, is a quintessential tier two inquiry. *See Roy v. FedEx Ground Package Sys., Inc.*, 2018 WL 6179504, at *14 (D. Mass. 2018) ("Defendant's contention concerning defenses, including whether exemptions from overtime apply, 'tread too deeply into the merits and are premature without knowing who the actual class members will be.'"), quoting *Roberts*, 2017 WL 1217114, at *6. Here, at tier one, plaintiffs need only demonstrate that they are "similarly situated" to other members of the proposed class. Given that the standard at this stage is "not particularly stringent, fairly lenient, flexible, [and] not heavy," *Saunders v. Getchell Agency*, 2014 WL 580153, at *6 (D. Me. 2014) (citation omitted), the court finds that plaintiffs have made a plausible case that they are similarly situated employees of BHI who suffered from a common unlawful practice, namely not being paid overtime. The court, therefore, accepts as a conditional collective action class all employees of BHI who were, at any

point in the past 3 years, paid "straight time for overtime" and staffed to a power plant.

Plaintiffs also request that the court adopt their proposed notice and consent form, opt-in procedures, and schedule, all of which BHI opposes. The court, instead, directs the parties to file a joint proposal (to the extent an agreement is possible) by March 22, 2019, for an appropriate mechanism for providing notice to putative class members with a clearly stated option to elect to opt-in.

## ORDER

For the foregoing reasons, plaintiffs' motion for conditional certification is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE