# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS KLAPATCH and RICHARD LEE, individually and for others similarly situated, <br><br>Plaintiffs, <br><br>vs. <br><br>BHI ENERGY I POWER SERVICES, LLC, <br><br>Defendant. | ) ) ) ) ) ) ) ) Civil Action No. 18-CV-11581-RGS ) ) ) ) ) ) |

**DECLARATION OF ANDREW W. DUNLAP**

I, Andrew W. Dunlap, state under penalty of perjury the following:

1. I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of the Parties' Settlement Agreement, Service Award, Attorneys' Fees, Costs, and Dismissal with Prejudice. I have personal knowledge of the factual matters set forth in this declaration and, if called to testify, could and would competently and truthfully testify thereto.

**Background**

2. I have been a member in good standing of the Texas State Bar since 2011. I am admitted in Federal Courts throughout Texas, Pennsylvania, Ohio, New Mexico, California, Louisiana, Oklahoma, Colorado, New York, and Illinois.

3. I have never been disciplined by any state.

4. I am a partner in Josephson Dunlap, LLP.

5. My firm specializes in wage and hour employment related litigation, such as Plaintiffs' underlying claims. We represent individuals, collectives, and classes nationwide in state and federal court and arbitration.

6. I have been counsel to over 500 wage and hour cases, most of which are multi-plaintiff actions.

7. I've tried FLSA cases to a verdict, argued hundreds of motions, and taken hundreds of depositions.

8. I speak on FLSA topics. Recently, I spoke on independent contractors at the National Employment Lawyers Association wage and hour seminar in Denver, Colorado in April of 2019.

9. The majority of my career has been focused on representing FLSA plaintiffs and claimants in collective actions and arbitrations.

10. I graduated Michigan State University Law School at the age of 22. Since then, I have served on the board of directors for the Houston Trial Lawyers Association and chaired the CLE committee in 2015 and 2016. I am currently the PAC trustee for the Houston Trial Lawyers Association. I also sat on multiple committees within the Texas Trials Lawyers Association, including the Board of Advocates beginning in 2012, which I chaired in 2016.

11. For the past five years, the Texas Monthly and Texas Lawyer magazines list me as a "Rising Star Super Lawyer" in plaintiff's employment litigation.

12. My co-counsel, Richard J. (Rex) Burch is the managing partner of Bruckner Burch, PLLC. He exclusively practices wage and hour individual, collective, and class actions nationwide. With over fifteen years of experience, multiple Courts have commented favorably on his firm's work. For example, Judge Castillo of the Northern District of Illinois noted Bruckner Burch consists of "highly experienced attorneys [that] have acted as class counsel in similar actions in federal and state courts." *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 (N.D. Ill. 2010); *see also, Girault v. Supersol 661 Amsterdam, LLC*, 1:11 CIV 6835 PAE, 2012 WL 2458172, *2 (S.D.N.Y. June 28, 2012) (Bruckner Burch lawyers "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions"); *Diaz v. Scores Holding Co., Inc.*, 07 CIV. 8718 THK, 2011

WL 6399468, at *5 (S.D.N.Y. July 11, 2011) (Bruckner Burch employs "experienced employment lawyers with good reputations among the employment law bar").

**Klapatch and Lee's Agreement with Counsel**

13. Plaintiffs' retained our firm (as well as our co-counsel, Bruckner Burch and the Gordon Law Group—together "Counsel") to assist in recovery for claims for unpaid overtime against his and the putative class members' employer, BHI Energy I Power Services, LLC (BHI).

14. Plaintiffs' suit claimed that they and other workers were paid the same hourly rate for all hours worked, including those in excess of 40, without any overtime pay for hours worked in excess of 40 each week.

15. Plaintiffs claimed that they and workers were not paid on a salary basis and were owed overtime pay for the previous three years, along with liquidated damages, attorney fees, and costs, as provided for under the FLSA.

16. BHI has denied, and continues to deny, that its employee classification and wage payment practices in any way violate the FLSA.

17. After being retained in this case, Counsel conducted a thorough and diligent investigation of Plaintiffs' pay and BHI; such as an examination of records provided by Plaintiffs and research through the United States Department of Labor records.

18. Plaintiffs were unable to pay Counsel on an hourly basis and to pay in advance the costs of litigation, which were certain to be very significant in a FLSA individual or collective action. Counsel therefore agreed to handle the matter on a contingency basis.

19. Plaintiffs and Counsel agreed that they would pay a forty percent (40%) of contingent fee of any monies, interest, or property recovered—unless Counsel was unable to recover a greater amount in fees awarded by a court or negotiated with the defendant. The agreement further called for Counsel to advance all costs necessary to investigate, evaluate and pursue the claims,

which costs were to be reimbursed to Counsel out of the share of settlement money. Plaintiffs and Counsel also agreed that there were no fees owed to Counsel in the event that no recovery was made.

**Underlying Litigation**

20. This litigation was filed against BHI, which vigorously litigated this case. BHI was represented by James Nicholas and Erin Horton of Foley & Lardner, LLP. Mr. Nicholas took a lead role. He and his firm are experienced and aggressive, and they expended great effort in defending their client in this matter.

21. Since before July 2018, myself and my firm spent a great deal of time and effort researching and analyzing case law and doing a deep dive into the issues in the case.

22. Since this case was filed as a collective action, it involved complex disputes related to salary basis issues and potential exemptions which BHI maintains apply to Plaintiffs, Opt-in Plaintiffs, and any potential class members.

23. Among the issues that the Parties disputed included: fact whether Plaintiffs were exempt from overtime under the FLSA; entitlement to recover any damages, the reasonable relationship between the Plaintiffs' salary and the compensation actually paid; the employer/employee relationship; the good faith and willfulness of BHI; the propriety of proceeding as a class; and the timing of discovery in general.

24. Counsel received or reviewed (internally, with opposing counsel, client, and from the Court) thousands of pages of documents, numerous written communications, and drafted complex briefs regarding conditional certification, summary judgment, discovery-related motions, and various other issues in this case.

25. In the action, Counsel drafted and filed numerous contested pleadings, including: a Motion for Conditional Certification [Doc. 22], Reply in support of Conditional Certification [Doc.

36], Motion to Compel Discovery Responses [Doc. 41]; Motion to Strike [Doc. 42]; Response to BHI's Motion for Summary Judgment [Doc. 43]; Motion for Relief under FRCP 56(d); and a Motion to Approve the Parties' Settlement and Dismiss the Case with Prejudice.

26. Counsel has conferred telephonically with opposing counsel on numerous occasions regarding motion practice, scheduling, and settlement negotiations.

27. In preparation for settlement negotiations, Counsel reviewed thousands of documents produced by BHI. Counsel also analyzed and prepared a detailed damage model which was used for settlement negotiations.

28. In all, the efforts of opposing counsel caused Counsel to expend a great deal of time and energy in the prosecution of this matter.

**Successful Resolution of this Case**

29. Successful handling of cases such as this requires particularized expertise and experience, qualities possessed by Counsel.

30. Counsel maintains a particular focus on FLSA litigation, particularly FLSA litigation involving classes of significant size.

31. Although Counsel is based in Texas, all three firms have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in Massachusetts, California, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, South Dakota, Utah, New York, Virginia, Washington, and elsewhere. In recent years, Josephson Dunlap and Bruckner Burch's joint docket has carried over 200 cases involving collective action claims for oilfield workers, such as this case.

32. Counsel's experience has caused it to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. The firm's experience in this field has also resulted

in a familiarity with the evidence and testimony necessary to the successful prosecution of cases such as this. In all, Counsel has secured hundreds of millions of dollars in settlements in FLSA cases for their clients.

33. The Parties to this matter reached a settlement agreement after extended, arm's-length negotiations between Counsel, including 2 full day mediations with experienced wage and hour mediator, Anne Marie Estevez. https://www.morganlewis.com/bios/aestevez.

34. In reaching the settlement and distribution of funds, I have not participated in any fraud or collusion. Nor am I aware of, nor do I believe there was, any fraud or collusion on the part of anyone in securing the settlement and distribution of funds.

35. Even though the fee agreement with Plaintiffs called for a 40% contingency fee, I request that this court approve the attorney's fees in the amount of 33% of the gross recovery, as well as the litigation expenses.

36. In my experience and to the best of my knowledge, firms operating on a contingency basis in similar cases most often seek attorney fees ranging from 33.33% to 40%, and sometimes as much as 45% if a final judgment has been entered. Further, based upon my knowledge and experience, the majority of firms operating today take the majority of, or all, contingency-based cases with an attorney fee agreement of 40% (and particularly those firms operating in the Texas legal market).

37. The requested fee of 33% is fundamentally reasonable and customary as Counsel have worked extremely hard on the case, devoted an incredible amount of time to the case, risked significant capital, and achieved an excellent result in a very difficult and risky case. BHI does not oppose Counsel's request for attorneys' fees and costs.

38. This case has been litigated as well as investigated by both sides since its inception. Any time a case is accepted of this magnitude and complexity, it is assumed that the resources necessary

to prosecute such a case may preclude employment on other cases if not readily or successfully resolved.

39. Counsel, working on contingency, had 100% of the risk of loss, advanced considerable costs, which had we not recovered anything from BHI, would have been lost, and Counsel would have carried various advanced costs, as well as unrecoverable time spent. Counsel assumed an enormous risk prosecuting this matter since there was a possibility of no recovery.

40. Under the settlement, the gross settlement represents approximately 98% of the two-year damages and 66% of the three year damages. The gross settlement without the reserve fund represents approximately 93% of the two-year back wages and 62% of the three year damages. Further, even after attorneys' fees and costs, the net settlement to the Settlement Class Members is approximately 59% of their two-year back wages and 39% of their three-year back wages.

41. Given all these facts and factors, the skills required to present the case, the time and costs expended to achieve the results, the reputation of counsel in the community, and the results achieved on behalf of the clients, the fees and litigation expenses requested for Plaintiffs' settlement as shown are reasonable. The total settlement is fair, reasonable, and adequate. The recovery by the Settlement Class Members is well within the normal range for settlements of this nature which have been approved by courts nationwide The fact that BHI is sending checks to all potential class members with the Notice further enhances the equitable nature of the settlement. In my experience, notice accompanied by checks results in roughly a 90% opt-in rate.

42. Counsel and Plaintiffs all agree that approval of the settlement is in their best interest.

43. Therefore, the Court should approve the Parties' Settlement Agreement.

~ 8 ~

**Anticipated Work if Settlement Agreement is not Approved**

    44. If the case were not settled, there would be extensive work to come, including dispositive motions, discovery disputes, depositions, and questions regarding applicability of the FLSA, good faith and willfulness, certification, decertification, and a trial on the merits.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 29, 2019

*/s/ Andrew W. Dunlap*
_____
Andrew W. Dunlap